USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                            :
UNITED STATES,                              :   02-cr-1273 (SHS)
                                            :
            -against-                       :   OPINION & ORDER
                                            :
PI YUEN CHEN,                               :
                            Defendant.      :
-------------------------------------------------------------x

SIDNEY H. STEIN, U.S.D.J.

Pi Yuen Chen petitions this Court for a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a), seeking to vacate her 2003 conviction for conspiring to commit alien smuggling in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(B)(ii). Chen claims that her counsel was constitutionally ineffective in mistakenly advising that her guilty plea would not adversely affect her immigration status, when in fact the conviction has led to the commencement of removal proceedings against her. As set forth below, Chen's petition is denied because she has failed to show a reasonable probability that she was prejudiced by any ineffective assistance.

**Factual Background and Procedural History**

Chen, a native and citizen of the People's Republic of China, obtained legal permanent resident status in the United States on asylum grounds in 1995. [Chen Pet., Doc. 33, Ex. 5 at 1] Seven years later, in 2002, she was charged in an eight-count indictment in the Southern District of New York, along with her husband and three other codefendants. On April 15, 2003, Chen pleaded guilty before Magistrate Judge Maas to Count One of the indictment, which alleged that

from January through August 1998 Chen conspired to smuggle aliens into the United States for commercial advantage in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(B)(ii). Before accepting Chen's guilty plea, Magistrate Judge Maas stated "I do not know [your] immigration status . . ., but if you are not a United States citizen, your plea of guilty may have an effect on your ability to remain in this country or may have other consequences with regard to your immigration status," to which Chen replied that she understood. Id., Ex. 2 at 21.

On August 13, 2003, this Court sentenced Chen to two years of probation. At the sentencing, the Court told Chen, "I suspect that the greatest part of the penalty is going to come when you have to deal with the Department of Homeland Security with regard to your status in the United States. That will be ultimately up to the Department of Homeland Security." Id., Ex. 3 at 9. The Court also set a special condition of Chen's probation that she "cooperate with the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security. In the event of any deportation proceedings, [Chen] shall abide by BICE regulations." Id. at 6. Chen did not appeal her conviction or sentence.

Immigration officials apparently took no action against Chen for almost eleven years, but on March 31, 2014, Immigration and Customs Enforcement issued a notice to appear alleging that Chen was subject to removal from the United States based on her conviction of an aggravated felony as defined in section 101(a)(43)(U) of the Immigration and Nationality Act.[1] [Gov. Opp.,

---

[1] "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Section 101(a)(43)(U) defines an "aggravated felony" to include "an attempt or conspiracy to

Doc. 43, Ex. 1 at 2-4] Chen was served with the notice on August 21, 2015, and her first hearing before an Immigration Judge was held ten days later. [Id. at 1.] According to the parties, Chen's removal proceedings remain pending.

On June 29, 2016, Chen filed this petition for a writ of error *coram nobis* on the basis that her counsel rendered constitutionally ineffective assistance to her. Her petition asserted that "neither [my] lawyer nor the Court ever advised [me] that [I] was pleading to an aggravated felony and that the consequence of the plea was that [I] would be forever barred from becoming a United States citizen." Chen Pet., Doc. 33, at 3. In support of her petition, Chen submitted an affidavit stating that her lawyer in the criminal prosecution, Paul Goldberger, Esq., "erroneously advised me that the conviction would have little effect on my ability to maintain my status of a legal permanent resident" and "would not have any permanent immigration consequences." Chen Aff., Doc. 34 at 1-2. Chen also maintained that Magistrate Judge Maas's references to immigration consequences at her plea colloquy were insufficient to alert her to the "absolute consequences of the plea." Id. at 1. Last, Chen stated that she would not have pled guilty had she understood those absolute consequences, that she "would have negotiated a plea that would not have resulted in these fatal consequences to [her] immigration status had [she] been advised of

---

commit an offense" enumerated in section 101(a)(43). The notice alleged that Chen had committed the offense enumerated in section 101(a)(43)(N), "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter." 8 U.S.C. § 1101(a)(43)(N); *see* Doc. 43, Gov. Opp., Ex. 1.

these alternative[s] by her lawyer," and that had she "been advised about any available defense" she "surely would have pursued them." Id at 2. However, Chen's petition did not identify any defense she could have asserted nor any attainable plea bargain without the same immigration consequences. The petition asks the Court to vacate her conviction or, in the alternative, to hold an evidentiary hearing to better develop the facts.

The government opposed Chen's petition on several grounds. First, it argued that Chen had not satisfied her burden of demonstrating ineffective assistance because she offered nothing more than a self-serving affidavit. Second, the government contended any incorrect advice from Goldberger was cured by Magistrate Judge Maas's warning at the plea colloquy. Third, it maintained that Chen had not shown the necessary prejudice because she had not demonstrated that an alternative course – either a viable defense at trial or an attainable plea to a lesser offense – could have avoided the immigration consequences. Last, the government argued that the petition should be dismissed as untimely because Chen was on notice of the immigration consequences, at the latest, in August 2003 after this Court's statements at sentencing – nearly thirteen years before the petition was filed.

At a conference held on April 20, 2017, the Court directed the government to submit a letter informing the Court, based on the information available, of the viability of any defense and the likelihood of Chen negotiating a plea deal with less severe immigration consequences. On May 11, 2017, the government represented that a review of the case file and a discussion with the

Assistant United States Attorney who prosecuted the case had revealed no evidence that an affirmative defense was available or that the government would have accepted an alternative plea without the same immigration consequences. [Doc. 46 at 3] The Court also directed Chen to inform the Court of any specific affirmative defenses or alternative pleas that she believed might have been available to her. In response, Chen submitted a letter on May 11, 2017 noting that her offense would not be defined by the Immigration and Nationality Act as an aggravated felony if she had made an affirmative showing that her offense was for the purpose of assisting, abetting, or aiding only her own spouse, child, or parent. [Doc. 48 at 2 (citing INA § 101 (a)(43)(N))].

After the April 20, 2017 conference, the Court ordered Goldberger "to submit an affidavit addressing the allegations of ineffective assistance of counsel." Doc. 44 at 2. On May 1, 2017, Golberger submitted an affirmation stating that he "had no recollection of this case" and "no longer [has] any file in regard to this case as our firm destroys case files after seven years." Doc. 45 at 1. Goldberger also stated that he had "no recollection of any conversation with Pi Yuen Chen," but it had "never been [his] practice to advise non-citizen clients that criminal convictions would not affect their immigration status." Id. at 1-2.

### Legal Standard

"A writ of error *coram nobis* is an extraordinary remedy" used to collaterally attack a criminal conviction that is "typically available only when habeas relief is unwarranted because

the petitioner is no longer in custody." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citations omitted). To obtain *coram nobis* relief, a petitioner "must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996) (citations omitted). "No statute of limitations governs the filing of a *coram nobis* petition," but "the petitioner must demonstrate sound reasons for any delay in seeking relief." *Kovacs*, 744 F.3d at 54. "The critical inquiry . . . is whether the petitioner is able to show justifiable reliance." *Foont*, 93 F.3d at 79.

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). Accordingly, ineffective assistance of counsel during plea bargaining "is one ground for granting a writ of *coram nobis*." *Kovacs*, 744 F.3d at 49. Under *Strickland v. Washington*, a claim for ineffective assistance requires a showing that (1) counsel's performance was objectively unreasonable, and (2) the objectively unreasonable performance prejudiced the defendant. 466 U.S. 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that *Strickland* test applies to guilty plea challenges). "[A]n affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea . . . meets the first prong of the *Strickland* test." *United States v. Couto*, 311 F.3d 179, 188 (2d Cir. 2002).

As to the second *Strickland* prong, the petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of *coram nobis* petitions seeking to vacate a conviction based on mistaken advice from counsel regarding the immigration consequences of a guilty plea, *Strickland*'s second prong requires a showing "that, but for counsel's unprofessional errors, there was a reasonable probability that the petitioner could have negotiated a plea that did not impact immigration status or that he would have litigated an available defense." *Kovacs*, 744 F.3d at 52. "'Because a defendant has no right to be offered a plea,' the ultimate outcome of a plea negotiation depends on whether the government is willing to agree to the plea the defendant is willing to enter." *Id.* (quoting *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012)).

## Analysis

It is doubtful whether Chen has met her burden of showing her counsel's performance was objectively unreasonable. The allegations made in Chen's petition, if true, would satisfy the first prong of *Strickland*. *See Couto*, 311 F.3d at 188. But Chen has offered only a self-serving, uncorroborated affidavit in support of those allegations, and "[i]n considering an ineffective counsel claim arising out of a petitioner's decision to plead guilty, a court need not accept a petitioner's uncorroborated, self-serving testimony as true." *Grullon v. United States*, No. 99-cv-1877, 2004 WL 1900340, at *6 (S.D.N.Y. Aug. 24, 2004) (collecting cases).

-7-

Moreover, courts have found statements similar to those of Magistrate Judge Maas at Chen's plea colloquy sufficient to cure – and thus preclude a showing of prejudice from – any mistaken advice of counsel regarding the immigration consequences of a guilty plea. *See Nangia v. United States*, No. 11-cv-6056, 2012 WL 4513477, at *2-3 (S.D.N.Y. Oct. 2, 2012) (collecting cases). To the extent such statements are sufficient to cure any mistaken advice from counsel, this Court's similar warnings at Chen's sentencing in 2003 were arguably sufficient to put her on notice of the need to challenge her conviction, raising serious doubts about the timeliness of this petition. *See Eisa v. Immigration and Customs Enforcement*, 08-cv-6204, 2008 WL 4223618, at *5-6 (S.D.N.Y. Sept. 11, 2008) (finding untimely a *coram nobis* petition brought twelve years after conviction where court at plea colloquy "expressly cautioned [petitioner] that his plea might 'well affect' his immigration status").

But the Court need not decide whether Chen has adequately alleged that Goldberger's performance was objectively unreasonable or whether the courts' warnings were sufficient to cure any deficient performance or to render her petition untimely. Rather, Chen's petition must be denied because she has failed to show that she suffered prejudice from any mistaken advice from counsel.

As noted, Chen's petition failed to so much as suggest a specific viable defense to the charged offense or an alternative plea that would not have had the same immigration consequences. In response to the Court's direction to address those issues on this petition, Chen

submitted a letter noting that the Immigration and Nationality Act defines as an "aggravated felony" the offense of alien smuggling under 8 U.S.C. § 1324(a)(2) "except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter." 8 U.S.C. § 1101(a)(43)(N). Chen does not explain how this family exception might apply to her, but she refers to it as a "glaring affirmative defense" and contends that "[w]ithout conducting an evidentiary hearing, this Court cannot make a determination that the Government would have accepted an alternative to a deportable consequence, or that [Chen] could have presented the affirmative defense." Doc. 47 at 2. Presumably, the unstated argument is that Chen's conduct falls within the exception because her husband was her codefendant and coconspirator.

As an initial matter, the family exception set forth in 8 U.S.C. § 1101(a)(43)(N) provides neither a separate lesser offense nor an affirmative defense to the crime of conviction under 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(B)(ii).[2] The exception only pertains to whether conviction under those statutes constitutes an aggravated felony. Whether a criminal offense constitutes an aggravated felony must be determined by an Immigration Judge in a removal proceeding and not before the district court in the underlying criminal prosecution. *See Shu Feng Xia v. United States*, No. 14-cv-10029, 2015 WL 4486233, at *6 & n.6 (S.D.N.Y. July 20, 2015). Thus, Chen cannot use the

---

[2] *See United States v. Guzman-Mata*, 579 F.3d 1065, 1070 (9th Cir. 2009) (noting that "§ 1324(a)(1)(A) criminalizes alien smuggling regardless of whether it is a first offense involving a spouse, parent, or child").

exception to satisfy the *Strickland* prejudice prong by showing that "but for counsel's unprofessional errors, there was a reasonable probability that [Chen] could have negotiated a plea that did not impact immigration status or that [she] would have litigated an available defense." *Kovacs v. United States*, 744 F.3d 44, 52 (2d Cir. 2014).

To be sure, demonstrating an alternative plea or an available defense is not the only way to establish prejudice in this context. For example, a court in this district recently found prejudice where a petitioner's attorney failed to note to the court that the imposed sentence of one year and a day subjected petitioner to mandatory deportation as an aggravated felon, whereas a sentence even two days shorter would not have. *See Shu Feng Xia*, 2015 WL 4486233. Here, prejudice may conceivably be established if the criminal prosecution could have been used to develop a defense in a subsequent removal proceeding. If through a *Fatico* hearing or other means Chen could have established that her conduct was for the purpose of assisting her spouse and no other individual, the immigration consequences of the conviction, if not the crime of conviction itself, might have been different.

But that hypothetical is of no avail to Chen because the record belies any suggestion that her offense was "for the purpose of assisting, abetting, or aiding only [her] spouse, child, or parent (and no other individual)." 8 U.S.C. § 1101(a)(43)(N). While Chen was charged with conspiring with her husband, three other defendants were also charged as coconspirators who were not Chen's spouse, child, or parent. Moreover, the presentence report found that Chen "smuggled

between 6 and 24 illegal aliens into the U.S." P.S.R. at 2. The description of the conspiracy set forth in the presentence report shows that Chen took part in an alien smuggling ring for commercial gain, generating thousands of dollars, and there is no indication that any of the smuggled aliens, let alone all of them, were Chen's spouse, child, or parent. In short, the family exception of § 1101(a)(43)(N) is clearly intended to shield from the most dire immigration consequences those who take part in alien smuggling solely to assist an immediate family member. The exception has no applicability where, as here, the defendant participated in a commercial alien smuggling operation involving a number of individuals who were not her spouse, child, or parent.

## Conclusion

Chen's sole argument of prejudice is unpersuasive. She has not shown a reasonable probability that any outcome was obtainable in the criminal proceeding that would not have carried the same immigration consequences, and the evidence available to the Court suggests no such probability. The government has represented that it is not aware of any affirmative defense and has no reason to believe that it would have offered a plea with less dire immigration consequences. So far as the Court can discern from the record, the proof against her was strong and included the statements of two confidential witnesses, the observations of INS agents, and

documentary evidence. Because Chen has not shown a reasonable probability that the immigration consequences of her conviction could have been avoided, her petition is denied.³

Dated:    New York, New York
          May 30, 2017

                                        SO ORDERED:

                                        /s/ Sidney H. Stein
                                        Sidney H. Stein, U.S.D.J.

---

³ At the Court's direction, the parties have addressed the implications of *Lee v. United States*, currently awaiting decision by the Supreme Court, which granted certiorari to decide "whether it is always irrational for a defendant to reject a plea offer notwithstanding strong evidence of guilt when the plea would result in mandatory and permanent deportation." Brief of Petitioner Jae Lee, Dkt. No. 16-327, Feb. 1, 2017 at I. Neither party has requested that this Court delay its decision pending resolution of *Lee*.